Mr. Tom F. Barry Secretary Florida Department of Transportation 605 Suwannee Street Tallahassee, Florida 32399-0450
Dear Secretary Barry:
The department has asked for my opinion on substantially the following question:
Can the charges imposed by the City of Gainesville's Stormwater Management Utility Program pursuant to section 403.0893, Florida Statutes, be lawfully levied against property of the State of Florida, Department of Transportation?
In sum:
The charges imposed by the City of Gainesville's Stormwater Management Utility Program, developed pursuant to section403.0893, Florida Statutes, represent a service charge imposed for stormwater utility services and may lawfully be levied against property of the State of Florida, Department of Transportation.
The City of Gainesville joins in your request.
Section 403.0893(1), Florida Statutes, authorizes a municipality to:
"[c]reate one or more stormwater utilities and adopt stormwater utility fees sufficient to plan, construct, operate, and maintain stormwater management systems set out in the local program required pursuant to s. 403.0891(3)."
The statute provides that "[a]ll property owners within said area [the stormwater management system benefit area] may be assessed a per acreage fee to fund the planning, construction, operation, maintenance, and administration of a public stormwater management system for the benefited area."[1]
This office, in Attorney General's Opinion 90-47, considered whether stormwater fees imposed by the City of Orlando pursuant to section 403.0893(1), Florida Statutes, could be charged against property owned by the State of Florida. The fees discussed in that opinion were imposed upon property within the city regardless of use and were based upon the property having received some particular benefit from the stormwater system. The provisions of section 197.363, Florida Statutes, were used by the city to collect the fees, but this statute specifically prohibits the use of ad valorem tax bills for service charges. These factors led to the conclusion that the fees were special assessments that, in the absence of legislation subjecting the state to liability, could not be assessed against state property. It was noted in the opinion that, to the extent the city sought to impose the fees as service charges, however, the state could be liable for such charges.
A special assessment is an enforced contribution from a property owner imposed on the theory that the property assessed derives some special or peculiar benefit in the enhancement of value as a result of the improvement or service funded by the proceeds.[2] A user fee or service charge is a fee imposed for the use of the particular governmental facility or service which benefits the person paying the fee in a manner that is not shared by other members of society. The other characteristic of user fees is that they are paid by choice; that is, the person paying the fee has the option of not utilizing the governmental service and thereby avoiding the charge.[3]
In Contractors and Builders Association of Pinellas County v. Cityof Dunedin,[4] The Supreme Court of Florida considered the nature of impact fees and compared such fees to user or service fees, which the municipality was authorized to impose pursuant to statute and home rule powers. The court recognized a distinction between such fees and special assessments, stating:
The fees in controversy here are not special assessments. They are charges for use of water and sewer facilities; the property owner who does not use the facilities does not pay the fee. Under no circumstances would the fees constitute a lien on realty.[5]
While state property used for public purposes is not generally subject to taxes or special assessments, the state may be liable for charges for services it uses.[6]
The City of Gainesville has established a stormwater management utility program in accordance with section 403.0893, Florida Statutes.[7] The city code requires that the city "establish a program of user charges and connection fees for stormwater management service to be levied against all developed property within the city to accomplish the functions of said utility."[8]
Section 27-241(a) of the Gainesville Code provides the authority for the utility to assess charges for services:
"The stormwater management utility is empowered by this article to establish charges for the use and discharge to the city's stormwater management system.[9] Such charges shall be based on the cost of providing stormwater management services to all properties within the city and may be different for properties receiving different classes of service."[10]
The service charges authorized by the code apply to all benefited properties within the city, including those properties classified as nonprofit or tax-exempt for ad valorem tax purposes. The charge is authorized for all government properties, including properties of the City of Gainesville, city-owned buildings, parks, and other properties.[11] The code specifically provides that "[s]tormwater management service charges shall not be levied against undeveloped property that has not been altered from the natural state[.]" Farmland, gardens, and landscaped areas shall also be exempt except for any roads, parking, or structures associated with that property.[12]
Section 403.0893(3), Florida Statutes, provides that "[a]ll property owners within said area [a stormwater management system benefit area] may be assessed a per acreage fee to fund the planning, construction, operation, maintenance, and administration of a public stormwater management system for the benefited area." However, under the program created by the City of Gainesville, only developed property or other property that benefits from the city's system is assessed, and that assessment is based on the "cost of providing stormwater management services" to such properties. If property is undeveloped so that it does not contribute runoff to the stormwater management system, or if the owner retains stormwater on site and does not contribute to the system, then no fee is assessed.
The city's utility ordinance provides that "stormwater management [will be established] as a city utility enterprise in accordance with F.S., s. 403.0893 and shall establish a program of user charges and connection fees for stormwater management service to be levied against all developed property within the city to accomplish the functions of said utility."[13] Bills for stormwater accounts are collected by the city in the same manner as is used to collect other utility bills.[14] Any charges not paid are subject to the same penalties for delinquencies, and are collected like other delinquent utility fees. No lien is placed on the property subject to these fees for delinquencies in payment.[15] All revenues from the user fees and connection charges collected under this program are deposited into a stormwater management utility trust fund, and expenditures related to the utility are paid therefrom. Expenditures from the trust fund for activities not related to the city's stormwater management utility are not permitted.[16]
To summarize: City of Gainesville Stormwater Management Utility fees are imposed on property that contributes runoff to the city's stormwater management system and requires use of that system; varying charges for this service are based on the percentage of water generated from the property and not retained on site; property owners may choose to use the system or to contain such runoff on their own property and, if no service is provided to a property, the property is not charged; stormwater utility fees are collected, along with other Gainesville utility fees, by inclusion on a monthly utility bill; delinquent stormwater utility bills, like other city utility bills, are handled by collection procedures and no lien is placed on property for nonpayment of these fees; finally, City of Gainesville Stormwater Utility fees are collected and deposited into a trust fund for uses related to the city's stormwater management utility, and expenditures that are not related to such activities are prohibited.
While a stormwater management utility fee may be imposed as either a special assessment or as a service fee,[17] based on its characteristics it is my opinion that the fee imposed by the City of Gainesville for utilization of the stormwater management utility is a service fee or user fee, which the city may lawfully impose on property of the State of Florida, Department of Transportation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 403.0893(3), Fla. Stat.
[2] See, Sarasota County v. Sarasota Church of Christ, Inc.,667 So.2d 180 (Fla. 1995), holding that a valid special assessment must meet two requirements: property assessed must derive a special benefit from the service provided; and the assessment must be fairly and reasonably apportioned according to the benefits received.
[3] See, State v. City of Port Orange, 650 So.2d 1 (Fla. 1994); Op. Att'y Gen. Fla. 90-47 (1990).
[4] 329 So.2d 314 (Fla. 1976).
[5] 329 So.2d at 319. And see, Op. Att'y Gen. Fla. 89-85 (1989) in which this office concluded that the flat fee imposed for voluntary garbage collection by the county was a service charge and not a special assessment.
[6] See, Op. Att'y Gen. Fla. 77-94 (1977) (community college is not exempt from payment of contractual franchise charge imposed by a municipality upon a public utility, separately stated on a bill to utility customers, as such fee represents its proportionate share of such fee or operating cost as a part of the total charges for utility services provided to and received by the community college); Op. Att'y Gen. Fla. 70-56 (1970) (state agencies required to pay franchise fee imposed by a municipality on telephone company which, pursuant to Public Service Commission regulations, passed such fee onto its customers as an increase in telephone service charges).
[7] Section 27-236, Gainesville Code.
[8] Id. This section provides that "[t]hese functions include, but are not limited to, maintenance, planning, design, construction, regulation, surveying, and inspection as they relate to stormwater management facilities of the city."
[9] Section 27-241(a), Gainesville Code.
[10] Id.
[11] Section 27-241(b)(4), Gainesville Code.
[12] Section 27-241(b)(5), Gainesville Code.
[13] Supra, at note 7.
[14] And see, s. 403.031(17), Fla. Stat., providing a definition for "[s]tormwater utility" and stating that such a utility "is operated as a typical utility which bills services regularly, similar to water and wastewater services."
[15] Section 27-244, Gainesville Code.
[16] Section 27-242(b), Gainesville Code.
[17] Compare, Op. Att'y Gen. Fla. 91-27 (1991), in which stormwater utility fees imposed by the City of St. Petersburg were determined to be service or user fees rather than impact or service availability fees; and Op. Att'y Gen. Fla. 90-47 (1990), concluding that the City of Orlando was imposing its stormwater fees as special assessments.